# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50475
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2015

Lyle W. Cayce
Clerk

EMILY JANE GALLIOS,

Plaintiff-Appellant

v.

WELLS FARGO BANK NATIONAL ASSOCIATION,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-830

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Emily Jane Gallios, proceeding pro se, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's grant of summary judgment and dismissal of her diversity suit against Wells Fargo Bank National Association (Wells Fargo). The district court denied her IFP motion and certified that the appeal was legally frivolous. By moving for IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50475

status, Gallios is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Gallios does not challenge the district court's determination that Wells Fargo was entitled to a judgment as a matter of law on her suit to quiet title and her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; the Texas Business and Commerce Code; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*; and § 51.002 of the Texas Property Code.  These issues are therefore abandoned.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Instead, Gallios contends that the district court violated her constitutional rights by denying her motion to discharge attorney Oscar Cantu and proceed pro se.  She also contends that the district court violated her due process rights by denying her motion to remand because, absent the claims raised in the unauthorized supplemental petition, the jurisdictional amount in controversy was not met.  According to Gallios, had the district court allowed her to discharge Cantu, proceed pro se, and present her arguments regarding the unauthorized supplemental petition, her motion to remand would have been granted.

Gallios has not shown that she will raise a nonfrivolous issue for appeal with respect to these claims.  Gallios's contention that the district court forced her to retain Cantu is belied by the record.  The day after Gallios filed her motion to discharge Cantu, the district court sought a response from Cantu and then permitted him to withdraw.  Although the district court denied Gallios's motion to proceed pro se and ordered her to obtain new counsel, Gallios was allowed to enter an appearance and proceed pro se for the duration of the case.  Finally, Gallios did not file her motion to discharge Cantu, proceed

No. 14-50475

pro se, and voluntarily dismiss the case until December 26, 2013, more than four months after the filing of the supplemental petition and nearly two months after the district court's denial of her motion to remand.

Although Gallios has shown that she is financially eligible to proceed IFP, she has not shown that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, Gallios's IFP motion is DENIED, and her appeal is DISMISSED as frivolous. *See id.*; 5TH CIR. R. 42.2.